UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL BORCHETTA, | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 3:25-mc-00024 ) |
| SCOTT BROWN, *Chapter 7 Trustee*, | ) ) ) |
| Respondent, | ) ) |
| ADELLA BORCHETTA, | ) ) ) |
| Movant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is an "Emergency Pro Se Motion to Quash Rule 2004 Subpoena, For Immediate Stay of All Florida Compliance Deadlines (Including December 1, 2025), and for Mandatory Sanctions Under FRCP 45(d)(1)" filed by Adella Borchetta ("Ms. Borchetta"), a non-party witness residing in Watertown, Tennessee. (Doc. No. 1). Ms. Borchetta moves the Court to quash the Rule 2004 Examination subpoena issued by the United States Bankruptcy Court for the Southern District of Florida, Miami Division ("Bankruptcy Court"), in In re: Christopher Michael Borchetta, Case No. 25-12808-RAM, and to award monetary sanctions under Federal Rule of Civil Procedure 45(d)(1). Debtor Mr. Borchetta is Ms. Borchetta's brother and business partner.

### I. BACKGROUND

On August 18, 2025, Trustee Scott Brown filed a Motion to Compel Discovery in Mr. Borchetta's bankruptcy case. (Id., Doc. No. 50). The Bankruptcy Court granted the motion, (id., Doc. No. 55), and Ms. Borchetta filed a Non-Party Response to Request for Discovery, (id., Doc.

1

No. 57), and a Motion for Protective Order and to Quash Subpoena to Non-Party. (Id., Doc. No. 58). By Order entered on October 20, 2025, the Bankruptcy Court reserved ruling on her motion. (Id., Doc. No. 81).

By Order entered on November 4, 2025, the Court denied Ms. Borchetta's Motion for Protective Order and directed compliance with the Court's prior Order compelling Rule 2004 examinations via Zoom. (Id., Doc. No. 89). Ms. Borchetta then filed her "Emergency Pro Se Motion to Quash Rule 2004 Subpoena, For Immediate Stay of All Florida Compliance Deadlines (Including December 1, 2025), and for Mandatory Sanctions Under FRCP 45(d)(1)" (Doc. No. 1), now pending before this Court.

## II. ANALYSIS OF MOTION TO QUASH

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. It permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(c)(2)(B). If the commanded person objects, as Ms. Borchetta did here, "the serving party may move the issuing court for an order compelling production or inspection." Id. Trustee Brown has secured an order compelling production or inspection from the Bankruptcy Court in Florida. (Case No. 25-12808-RAM, Doc. No. 89).

Ms. Borchetta, however, alleges that order is not binding in the Middle District of Tennessee, where she resides. (Doc. No. 1 at 2). She alleges that this Court has exclusive jurisdiction under Federal Rule of Civil Procedure 45(d)(3) to quash subpoenas where compliance is required and to enter an immediate stay "of all Florida compliance deadlines." (Id. at 1-2). Ms.

2

Borchetta alleges that this Court should do so because 1) the subpoena was not properly served on Ms. Borchetta; 2) it commands remote Rule 2005 examination via Zoom with no physical location, which does not comply with Rule 45; and 3) in any event, Ms. Borchetta already has fully complied with all document production requests in the subpoena and there is no additional discoverable information available. (Id. at 2-3). Ms. Borchetta's arguments fail, as explained below.

        A. Ms. Borchetta was properly served.

First, Ms. Borchetta alleges that the Rule 2004 subpoena was not properly served. According to her, "the subpoena was left on the front porch of Movant's [Ms. Borchetta's] residence—not personally delivered to Movant or any adult" and, she claims, "[t]his fails FRCP 45(b)(1) and Tenn. R. Civ. P. 4.04(1)." (Id. at 2). However, the Bankruptcy Court records show that, on August 14, 2025, Trustee Brown filed the Return of Service related to the subpoena duces tecum served upon Adella Borchetta. (Case No. 25-12808-RAM, Doc. No. 49). The Return of Service shows that process server Bright Omenukwa "personally delivered" one copy of the subpoena to Adella Borchetta "with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a white female contact 45-55 years of age and 5'6"-5'8" tall." (Id., Doc. No. 49 at 2). Thus, the record belies Ms. Borchetta's assertion of insufficient service of process.[1]

---

[1] Rule 45(b) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b). The rule does not specify what methods of delivery are appropriate.

"The Sixth Circuit has not yet passed on whether Rule 45 requires personal service of a subpoena." Garrett v. Ambers, No. 3:22-cv-00256-DJH-LLK, 2025 WL 1594286, at 1 (W.D. Ky. June 5, 2025) (quoting Powell v. Time Warner Cable, Inc., No. 2:09-cv-00600, 2010 WL 5464895, at *3 (S.D. Ohio Dec. 29, 2010)) (collecting cases) (internal quotation marks omitted). "District courts considering the issue have reached differing conclusions." Id. (internal quotation marks omitted). As the court noted in Garrett, courts that have declined to require personal service have held that

3

Additionally, when Ms. Borchetta initially responded to the Bankruptcy Court's Order compelling discovery, she did not object on grounds of insufficient service of process. (See id., Doc. Nos. 57, 58). Neither did she argue that the Bankruptcy Court lacked jurisdiction to hear the underlying motion to compel. The Court will not quash the subpoena based on insufficient service of process.

B. Rule 45 permits Rule 2004 Examination by Zoom.

Second, Ms. Borchetta seeks to quash the subpoena because it commands remote Rule 2004 examination via Zoom with no physical location and, according to her, such designation is improper. (Doc. No. 1 at 3). This Court, as did the Bankruptcy Court, disagrees. Rule 45(c)(1)(A) provides that a subpoena may command a person's attendance at a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). To this Court's knowledge, neither the Sixth Circuit nor district courts within the Sixth Circuit have considered whether, in this context, when testimony is taken by remote means, the witness "attends" from the location where the witness appears and participates. However, courts around the country addressing remote testimony have concluded that,[2] if a subpoena

---

service is effective "'so long as it reasonably insures actual receipt of the subpoena.'" Id. (quoting Powell, 2010 WL 5464895, at *3). Ms. Borchetta does not allege that she did not not receive notice, or timely notice, of the subpoena.

[2] But see In re Larosa, 2025 Bankr. LEXIS 901, 2025 WL 1024712, at *3-4 (Bankr. M.D. Fla. Apr. 4, 2025) ("Because the subpoena simply directed [the non-party witness] to attend the Rule 2004 examination via Zoom, it does not comply with Rule 45, and the Court will not compel [the non-party witness's] compliance or sanction her [for] failure to attend the Rule 2004 examination."); House v. Wayne USA Co., Ltd., 2024 WL 4334404, at *2 (E.D.N.Y. Sept. 27, 2024) (citations omitted); see also Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc., 2022 WL 2820667, at *7-9 (S.D. Cal. July 18, 2022) (denying motion to compel where place of compliance was identified as Zoom); Flores-Kemmerer v. Portfolio Recovery Assocs., LLC, 2022 WL 612334, at *1 (S.D. Ind. Mar. 2, 2022) (stating that "[a]lthough videoconference depositions have become more prevalent during the recent COVID-19 pandemic and are oftentimes more convenient for counsel and witnesses, absent agreement between the parties, a deposition may be

provides for a witness to appear for an examination remotely by Zoom from a location within 100 miles of where the witness resides, or is employed, or regularly transacts business in person, the subpoena complies with Rule 45(c)(1)(A). See, e.g., In re Combs, 668 B.R. 896, 901-02 (Bankr. S.D. Fla. 2025) ("Because [the non-debtor witness] can attend her Rule 2004 Exam virtually in any location she desires, the issue of distance is within her control."); Int'l Seaway Trading Corp., 2021 U.S. Dist. LEXIS 31755 at *13 (D. Minn. Feb. 22, 2021) ("Virtual attendance . . . is consistent with the plain language of Rule 45(c)(1)(A) because he has been commanded to attend the deposition within 100 miles of where he resides."); In re Newbrook Shipping Corp., 498 F. Supp. 3d 807, 815 (D. Md. 2020), vacated and remanded on other grounds, 31 F.4th 889, 891 (4th Cir. 2022) ("Given the modification of the deposition notice to provide for a remote deposition over Zoom or other teleconferencing platform, the deposition notice no longer requires [the non-party witnesses] to travel more than 100 miles (or at all) to comply, so the Court declines to address [the non-party witness's] argument that the subpoena compels [the non-party witness] to comply outside of the geographical bounds of Rule 45(c)."); In re 3M Combat Arms, 2021 U.S. Dist. LEXIS 121444, at *13-14 (N.D. Fla. May 28, 2021) ("The Court concludes that a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)."). Courts have so held because the text

---

conducted remotely only by court order"); Chavez v. Allstate Northbrook Indemnity Co., 2025 WL 885055, at *5, n.4 (S.D. Cal. Jan. 31, 2025) (stating that Zoom "refers to the method for taking the deposition, not a place"); Frobe v. UPMC St. Margaret, 2021 WL 9628848, at *2 (W.D. Pa. July 13, 2021) (stating that Zoom is not a place); CSS, Inc. v. Herrington, 354 F. Supp.3d 702, 709 (N.D. Tex. 2017) (stating that under Rule 45, "the place of compliance must be a physical 'place' subject to 'geographical limits' and capable of being measured according to mileage"); Capana Swiss Advisors, AG v. Rymark Inc., 2025 WL 549357, at *7 (E.D. La. Feb. 19, 2025) (stating that a Zoom "link is the method for taking the deposition, not the physical 'place of compliance'"). The Court respectfully disagrees with these decisions.

of Rule 45 focuses on the place of compliance for the witness, not the location of the court, the noticing party, or counsel. See Int'l Seaway Trading Corp., 2021 U.S. Dist. LEXIS 31755, at *12-13 (D. Minn. Feb. 22, 2021); Walsh v. Tara Constr., Inc., 2022 U.S. Dist. LEXIS 99318, at *4-5 (D. Mass. June 3, 2022) (same); Gray v. City of Chicago, 2023 U.S. Dist. LEXIS 195080, at *22-27 (N.D. Ill. May 8, 2023) (same).

Ms. Borchetta argues that "the advisory committee notes" support her interpretation of a "place" under Rule 45. (Doc. No. 1 at 4). But the Advisory Committee notes to the 2013 amendment of Rule 45 support an interpretation that "Rule 45(d)(1) authorizes subpoenas for remote testimony so long as the witnesses need not [t]ravel more than 100 miles from where they live or work." See Gray, 2023 U.S. Dist. LEXIS 195080, at *26 (citing Fed. R. Civ. P. 45, 2013 Advisory Committee Notes (explaining that subpoena authority would not "require a party or party officer to *travel* more than 100 miles")) (emphasis in original); see also United States v. $110,000 in United States Currency, 2021 U.S. Dist. LEXIS 108951, at *3 (N.D. Ill. June 10, 2021) (holding that "Rule 45(c) does not limit the reach of a subpoena to only those residing within 100 miles of the pending litigation. Instead, Rule 45(c)'s geographic limits were crafted to protect third parties from the undue burden of traveling more than 100 miles to provide testimony . . . ."). The Court agrees with the courts that have decided that, by conditioning the Rule 2004 examination so that each witness appears remotely by Zoom (or other virtual platform) from a location within 100 miles of where that witness resides, is employed, or regularly transacts business in person, the examination complies with Rule 45(c)(1)(A). Ms. Brochetta's subpoena does just that and is therefore compliant.

C. There is no undue burden on Ms. Borchetta to attend a Rule 2004 Examination via Zoom.

Third, Ms. Borchetta asserts that the subpoena should be quashed because she already has fully complied with all document production requests in the subpoena. (Doc. No. 1 at 2).[3] The bankruptcy docket reflects that Ms. Borchetta, through counsel, filed a Notice of Compliance with the Court's October 1, 2025 Order stating that the documents ordered to be produced by the Court had been produced on October 13, 2025. (Case No. 25-12808-RAM, Doc. No, 80 at 1). By Order entered on October 20, 2025, the Bankruptcy Court directed Ms. Borchetta to file a supplemental Notice of Compliance on or before October 30, 2025 (Case No. 25-12808-RAM, Doc. No. 81 at 1-2), and she did. (Id., Doc. No. 87). She now represents that "[n]o further documents exist—the subpoena's document demand is moot." (Doc. No. 1 at 3). It would appear then that Ms. Borchetta has complied with the document demands. The issue of whether she should be subjected to a remote Rule 2004 Examination remains.

Rule 2004 allows for a bankruptcy court to "order the examination of any entity" relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). "The scope of a Rule 2004 examination is extremely broad and has often been likened to a lawful 'fishing expedition.'" In re Lufkin, 255 B.R. 204, 208 (E.D. Tenn. 2000) (citing In re Hammond, 140 B.R. 197, 201 (S.D. Ohio 1992)). "Although the primary purpose of a Rule 2004 examination is to permit a party in interest to quickly ascertain the extent and location of the estate's assets, such examination is not limited to the debtor or his agents, but

---

[3] Ms. Borchetta states that she provided all responsive documents to the Trustee on October 13, 2025, citing Doc. No. 49 of the bankruptcy case record. (Id.) Doc. No. 49 is the Notice of Filing Return(s) of Service by Trustee Brown. The date for that docket entry is August 14, 2025.

may properly extend to creditors and third parties who have had dealings with the debtor." In re Fearn, 96 B.R. 135, 138 (S.D. Ohio 1989) (citing Chereton v. United States, 286 F.2d 409, 413 (6th Cir), cert. denied, 366 U.S. 924 (1961)) (additional internal citation omitted).

Here, the Bankruptcy Court already has issued an Order compelling discovery, denying Ms. Brochetta's motion for a protective order, and directing her compliance with the Order compelling Rule 2004 examinations via Zoom. This Court, exercising its jurisdiction under Rule 45(d)(3) to consider Ms. Brochetta's instant motion, has determined that the subpoena was properly served on Ms. Borchetta. Further, this Court has determined that remote Rule 2004 examinations via Zoom (or other virtual platform) are authorized by Rule 45(c)(1)(A). While Ms. Borchetta alleges that the "only remaining demand" of the December 1, 2025 Zoom testimony "is cumulative, harassing, and unduly burdensome," (Doc. No. 1 at 3), her conclusory allegations are insufficient to support a finding that the examination is being sought for purposes of abuse or harassment. See Hendricks v. Total Quality Logistics, LLC, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (the party seeking to quash a subpoena bears the burden of proof); see also Murillo v. Kohl's Corp., No. 16-CV-196, 2016 WL 6090862, at *2 (E.D. Wisc. Oct. 18, 2016) ("[C]onclusory statements of hardship are not sufficient" to warrant a protective order).

There is no evidence before the Court that the Rule 2004 examination is an effort by the Trustee to "go fishing." Surles v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007) (citation and internal quotations omitted) ("Although a plaintiff should not be denied access to information necessary to establish [its] claim, neither may a plaintiff be permitted to 'go fishing.'"). The Debtor, Ms. Borchetta, and Mr. Andrew Fromm operated two rental properties in Puerto Rico. The real properties and assets (allegedly including a container home and an airstream) were owned by two Puerto Rican entities. It is unclear who owns the entities. The real properties

and assets were allegedly sold prior to the Debtor filing this bankruptcy case. The Trustee and judgment creditor Scott Hankins are seeking discovery from the non-party witnesses (Mr. Fromm and Ms. Borchetta) regarding the Puerto Rican entities, the sale of assets, and the disposition of sale proceeds. The Bankruptcy Court concluded, and this Court concludes that the requested discovery is relevant to the Debtor's assets and financial affairs. (Case No. 25-12808-RAM, Doc. Nos. 34 at 3-5, 89 at 2). Cf. Hogan v. Cleveland Ave. Restaurant, Inc., No. 2:15-cv-2883, 2016 WL 7467968, at *2 (S.D. Ohio Dec. 28, 2016) (quashing the non-party witness subpoena where plaintiff failed to establish the relevance of the information sought). Although Ms. Borchetta maintains that she has provided all relevant documents to the Trustee, her examination may provide additional relevant information to the Trustee regarding the Puerto Rican entities.

Moreover, the subpoena imposes a minimal burden on Ms. Borchetta due to the remote nature of the examination. As a non-party, Ms. Borchetta is "entitle[d] to consideration regarding expense and inconvenience." Hogan, 2016 WL 7467968, at *3 (citing Fed. R. Civ. P. 45(d)(2)(B)(ii)). According to Ms. Borchetta, "[f]orcing her live testimony . . . is an attempt to . . . drive up attorney fees for non-witnesses." (Doc. No. 1 at 3). But Ms. Borchetta is not required to have an attorney present during her Rule 2004 examination. Considering the relevance of the information sought and that Ms. Borchetta may attend the Rule 2004 hearing from anywhere she would like within 100 miles of her home or place of employment, the Court finds that the scheduled examination is not unduly burdensome for Ms. Borchetta.

### III. CONCLUSION

Based on the foregoing, the "Emergency Pro Se Motion to Quash Rule 2004 Subpoena, For Immediate Stay of All Florida Compliance Deadlines (Including December 1, 2025), and for Mandatory Sanctions Under FRCP 45(d)(1)" is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE